■ GENERAL CRUSHED STONE COMPANY, Respondent, v. STATE OF NEW YORK et al., Defendants, and NEWARK INSURANCE COMPANY, Appellant. (Action No. 1.) GENERAL CRUSHED STONE COMPANY, Respondent, v. STATE OF NEW YORK et al., Defendants, and CENTRAL NEW YORK CONTRACTING CO., INC., Appellant. (Action No. 2.) — Appeal from an order of the Supreme Court, denying three motions. There are two actions, identical in nature, relating to two separate highway construction contracts. To simplify the matter they will be treated herein as a single action. Central New York Contracting Co., Inc., will be called "contractor" and Newark Insurance Company will be called "surety".

Plaintiff commenced the action to foreclose a mechanic's lien against the contractor for materials furnished in connection with a highway construction contract between the contractor and the State. A second cause of action seeks to recover from the surety any deficiency which may remain due after the foreclosure, under a labor and material bond executed by the surety pursuant to section 137 of the State Finance Law. The action was commenced June 9, 1960 and was at issue on June 19, 1960. The answers of the contractor and the surety denied the validity of the liens, the amount due thereon and alleged certain affirmative defenses. No one questions the fact that the action was properly brought in equity, though the second cause of action is a law action. A note of issue was filed July 12, 1961 for an Equity Term commencing November 1, 1961. At the opening of court on that day, for the first time, the contractor and surety asked and received permission to make certain motions. The motions were made on November 10, 1961, and sought: (1) to amend the answers to admit the validity of the liens; (2) to transfer the case from Equity Term to Trial Term for a jury trial; and, (3) the surety sought to have the first and second causes of action severed. Of course the whole purpose of the motions was to belatedly change the issues to obtain a jury trial. Having submitted to the jurisdiction of a court of equity for approximately 16 months after raising issues properly triable in equity, the contractor and surety are not in very good standing to move, on the eve of trial, for a complete reversal of their stand in order to transfer the case to another term for a jury trial. Equity is authorized under the circumstances here to try all of the issues. (Lien Law, § 45.) The surety attempts to justify the delay on the theory that it did not know until an examination before trial in August, 1961, how much was due on the lien. Even then it did not move promptly, and of course the contractor knew what materials it had received at all times and we would be naive indeed if we assumed that the surety did not have access to its principal's books and records. Under the circumstances the court was justified in denying the motions, and the order should be affirmed. Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.